# Butler *against* Morgan.

After a petition has been presented for the benefit of the Bankrupt Law, and before the applicant has been declared a bankrupt, his goods found upon demised premises may be distrained and sold by his landlord for the payment of his rent.

ERROR to the District Court of *Allegheny* county.

Abiah Butler against John Morgan and John N. Johnston. This was an action of replevin for certain property described in the writ. The defendant Johnston made cognizance under the defendant Morgan, who avowed for rent in arrear; and the plaintiff replied, no rent in arrear. On the trial, it was admitted the plaintiff was tenant to the defendant Morgan of certain premises in Findley township, and that two years' rent, amounting to $170, remained due and unpaid since the 1st of April 1842; that the defendant Morgan issued his landlord's warrant, by virtue of which the property in dispute was distrained on the 6th of February 1843 on the demised premises, and removed by the defendants. On the 13th February this replevin issued, and the property was delivered to the plaintiff.

The plaintiff gave in evidence, that on the 25th of January 1843 he made application for the benefit of the Bankrupt Act; that on the 27th of February 1843 he was declared a bankrupt, and Samuel W. Black, Esq., appointed his assignee; that on the 20th of July 1843 the plaintiff was discharged as a bankrupt; and that on the 26th of April 1843, Samuel W. Black, the assignee, gave a certificate of allowance to the plaintiff, by which he was allowed to

E *

retain all the property returned, being the same included in the writ of replevin.

GRIER (President) was of opinion that the plaintiff was not entitled to recover, and directed a judgment for the defendants.

*M'Clure* and *M'Candless*, for plaintiff in error.

*Metcalf*, for defendant in error, cited 34 *Law Lib*. 235; 1 *Atk*. 103; 2 *Term Rep*. 600.

The opinion of the court was delivered by

KENNEDY, J.—The only question presented for consideration in this case is whether a landlord could, during the operation of the late Bankrupt Act of Congress, distrain on the goods of his tenant found on the leased premises, for rent due and in arrear, after the latter had petitioned for the benefit of the Bankrupt Act, and before he had been declared a bankrupt. Now, it is a general rule of the common law that all goods found upon the premises demised to a tenant are held liable to be distrained by his landlord for rent, whether such goods belong to the tenant or to other persons. *Com. Dig. tit. Distress, b.* 1; *Bradley on Distr*. 106. And if the Bankrupt Act made no change in the law in this respect, it is clear that the landlord, in this case, had a right to distrain as he did. But the Bankrupt Act is silent on the subject of rent being due and in arrear by the bankrupt, and does not contain a single word in relation thereto; so that the landlord's remedy by distress for rent due to him remains as it was at the common law, whereby he is entitled in general to distrain upon all goods found upon the premises demised, whether they belong to the bankrupt tenant or not. And he may distrain for the whole rent due, whatever its amount may be, even after the tenant has been declared a bankrupt, or after an assignment made of the goods, though in the possession of the assignees, if they still continue on the demised premises; for the assignment only changes the property in the goods, which does not in the least exempt them from distress for the rent due as long as they remain on the leased premises; and unless removed, they may be distrained even after a sale made of them by the assignees. *Cullen B. L.* 123–4; *Cooke's D.* 213–21; *Bradley on Distr*. 121–2; 1 *Atk*. 103. The issuing of the commission and the messenger's taking possession of the goods, according to the course pursued in England, has never been considered such a *custodia legis* as to preclude a distress of the goods by the landlord for rent due. In regard to his remedy by distress, he is considered as standing upon higher ground, and entitled to more favour in law, than a common creditor. *Woodfall's Landl. and Ten*. 365; 1 *Atk*. 105. And hence the right of distress is given to him over and above the other remedies which he has in common with ordinary creditors, and is rather regarded as a remedy upon the land than on the

[Butler v. Morgan.]

person of the tenant; and the right thereto was ever held unaf-
fected by all the original bankrupt laws passed in England. *Buck-
ley* v. *Taylor*, (2 *T. R.* 600); *Bradley on Distr.* 122. But if the
landlord distrain and the tenant replevy the goods, and they are
sold afterwards by the assignees, the landlord cannot, upon his
recovery of a judgment for a return, retake the goods in the hands
of the vendee, for he has no lien on them, and his only remedy,
therefore, is on the replevin bond. *Cooke* 218–20; *Bradley on
Distr.* 122–3. It has, however, been argued that the rent for which
the distress was made in this case became extinct, if not satisfied,
by the operation of the Bankrupt Act, and therefore the right to
distrain could not exist. But this argument does not appear to
be sustained by either the terms of the Act, or any meaning that
can be fairly drawn from it. The debts of a bankrupt, though he
obtain his discharge under the bankrupt laws of England, have
never been regarded as thereby absolutely paid or extinguished;
or otherwise it would seem to be difficult, if not impossible, to hold,
as has ever been the case, that a subsequent promise made by the
bankrupt to pay them, would be valid and binding. *Cowp.* 290.

Judgment affirmed.