### In re DUBLE et al.

(District Court, M. D. Pennsylvania.    September 26, 1902.)

#### No. 132.

1. BANKRUPTCY—CLAIMS FOR RENT IN PENNSYLVANIA—DISTRAINT—EFFECT—CUS-TODIA LEGIS.

   Where, at the time of the failure of a bankrupt firm, it owed more than a year's rent, and after the firm had been adjudged a bankrupt. but before the selection of a trustee, the landlord distrained for the full amount due, she was not entitled to a preference out of the proceeds of the bankrupt estate by reason of such distraint proceedings, since. at the time they were begun the property was in custodia legis, but was confined to the year's rent given by the Pennsylvania statute in case of an execution.

In Bankruptcy.

T. M. B. Hicks, for exceptions.
E. C. Duble, opposed.

ARCHBALD, District Judge. The bankrupts at the time of their failure occupied the store where they were doing business at a rent of $1,500 a year, payable quarterly, and on January 1, 1902, were $1,910 in arrears. On February 7th they were adjudged bankrupts on their own petition, and a meeting of creditors was called for February 20th for the purpose of selecting a trustee; but before this had taken place, on February 19th, Mrs. Elliot, the landlord, distrained for the full amount of the rent due. By arrangement between the parties the goods of the bankrupts on the premises were subse-

quently sold by the trustee, and $3,100 realized, out of which the landlord claims the full amount of her rent, with costs. The referee allowed one year's rent ($1,500) as a preferred claim under the Pennsylvania statute (Act June 16, 1836, § 83; P. L. 777), but refused the rest, holding that at the time of the distress the goods of the bankrupts were in the custody of the law, and that the landlord, therefore, took nothing thereby. In this view I entirely concur.

A landlord in Pennsylvania has the right to distrain for rent in arrear on any goods on the demised premises, and when a distress is properly made the goods are bound for the rent, whatever it may be, even to the extent of the whole term, if due. Goodwin v. Sharkey, 80 Pa. 149. But to be of avail the right must be exercised, and it cannot be where the goods have been taken into legal custody. Pierce v. Scott, 4 Watts & S. 344. No doubt, in case of an execution against the tenant, a distress may be made at any time before actual levy (McHugh v. Maloney, 4 Phila. 59); but it cannot be after that, and it is to compensate for that which is thus taken away that the landlord is given a priority by the statute out of the proceeds in case of a sale, not exceeding one year's rent. Greider's Appeal, 5 Pa. 422. This preference is preserved under the bankrupt act, the taking of the tenant's goods by virtue of its provisions being regarded as within the equity of the statute. Longstreth v. Pennock, 20 Wall. 575, 22 L. Ed. 451; In re Hoover (D. C.) 113 Fed. 136; Wilson v. Trust Co. (C. C. A.) 114 Fed. 742. But the right of the landlord to invoke the statute is necessarily based upon the theory that the proceedings in bankruptcy amount to a taking, and if that be so the right to distrain is thereby cut off. It may be that this is assumed rather than decided, and perhaps it involves a reasoning in a circle to so argue, but there can be no doubt as to the correctness of the conclusion, however reached.

It is not necessary to determine the effect of involuntary proceedings, but in case the petition is a voluntary one, as here, the result is clear. By the adjudication which immediately follows, it is definitely decided that the person is a bankrupt, that the court has jurisdiction, and that the proceedings are well brought. The estate of the bankrupt is thereby drawn into liquidation under the supervision of the court according to the provisions of the bankrupt law, with which nothing can be allowed to interfere. If proceedings have been instituted against the property by execution or otherwise prior to the filing of the petition, they may be enjoined and stayed, while by express enactment all liens obtained through the medium of legal proceedings within four months are made null and void. With such complete control over the property of the bankrupt as is thus given it is difficult to see why it is not to be regarded as in the actual custody of the law. It is not necessary, as is argued, that the trustee should take possession in order to complete it. This is a mere matter of formal investiture, which follows as of course when he has been chosen, his title, according to the act, relating back to the date of the adjudication. Where the property is widely scattered, as it may be in many instances, some time may elapse before actual possession is taken, and it can hardly have been the purpose of the act to

leave it open, in consequence, to seizure, by distress or otherwise, meanwhile.

The case of Butler v. Morgan, 8 Watts & S. 53, on which the exceptant relies, affords no support for her contention, when confined to its own facts. "The only question presented for our consideration in this case," says the court, "is whether the landlord could, during the operation of the late bankrupt act of congress (1841), distrain on the goods of his tenant found on the leased premises for rent due and in arrears, after the latter had petitioned for the benefit of the bankrupt act, and before he had been declared a bankrupt." It was decided that he could; but, however that may be, the distinction between that case and the one in hand is that, there, there had been no adjudication and here there had. It is true that the court, relying on certain English authorities, goes on to say that the landlord may distrain for the whole rent due, whatever its amount, even after the tenant has been declared a bankrupt and an assignment of his property has been made, the goods on the premises being liable notwithstanding the transfer. But as was said by Cadwalader, J., in Re Appold, 1 N. B. R. 621, Fed. Cas. No. 499:

"Under the present system of bankruptcy in the United States (Act 1867), the estate in the hands of the assignee is more determinedly in legal custody than under the English system. There is therefore, I think, reason to doubt the applicability of the English decisions that a landlord's right to distress continues after an assignment under the bankruptcy of his tenant."

This is my own view of the law. Following it, it was held in Re Gerson, 1 Nat. Bankr. N. 315, 2 Am. Bankr. Rep. 170, that a landlord who distrained after the filing of an involuntary petition and before adjudication took nothing by the proceeding, being confined to the priority given him by the statute. This is in entire conflict with the case relied upon by the exceptant, which also runs counter to the accepted doctrine that an adjudication disposes of the tenancy, so far as the estate of the bankrupt is concerned, subsequently accruing rent not being provable against it. Coll. Bankr. p. 393. In view of this, I cannot regard the case as a correct exposition of the law, and must decline to follow it.

The exceptions are overruled, and the report of the referee is confirmed.