### In re LINES.

(District Court, M. D. Pennsylvania. December 12, 1903.)

#### No. 346.

1. BANKRUPTCY—STAYING PROCEEDINGS IN STATE COURT—DISTRESS FOR RENT.
   Where, after distress by a landlord, the tenant is adjudicated a bankrupt, the necessary effect is to put the property under the control of the bankruptcy court, which will stay further proceedings with the distress, and require the landlord to submit his rights to that court for adjudication.

In Bankruptcy. On petition to restrain landlord from proceeding with distress.

Mial E. Lilley, for petitioner.
Rodney A. Mercur, for landlord.

ARCHBALD, District Judge. The facts disclosed by the evidence are peculiar, and the legal results by no means clear, so that I shall content myself with deciding just what I have to. It is undisputed that after the distress had been made title to the goods, which was then in Mrs. Fannie Dryden, was transferred by her to her father, John M. Lines, the present bankrupt, and that he immediately filed a voluntary petition, and was adjudicated a bankrupt. The necessary effect of this was to put the property under the control of this court, and compel the landlord to seek redress here. What the exact consequence of this may be, I am not now prepared to say. The case is complicated by the fact that, according to the testimony of Mrs. Dryden and her mother, a new lease was made to the former for a part of the premises from April 1st; while the landlord's warrant was against Mr. Lines for rent which, in part, at least, antecedes that date. But as title is now back in Mr. Lines, the original tenant, and the goods at the time of the retransfer to him were upon the demised premises, it is a question whether they are not thereby liable again for the whole rent. Whatever legal liability there is, however, the bankruptcy court is competent to enforce it, and bound to recognize it; the landlord being limited, however, as a preferred creditor, to not exceeding one year's rent. In re Duble, 9 Am. Bankr. Rep. 121, 117 Fed. 794. The bankrupt has also claimed the goods under his $300 state exemption, which introduces another cause for disputation. It is not possible to dispose of these conflicting claims in the present proceeding. The only thing I see to do is to stay the landlord's sale, and direct the trustee to take possession, after which the other questions will, no doubt, come up in their order.

The rule is made absolute, and an injunction is awarded against Job

P. Kirby, landlord, restraining him from a sale of the goods distrained for rent in arrear, and directing him to turn over the said goods to the trustee, without prejudice, however, to his rights, if any, by virtue of such distress to make claim upon the proceeds arising therefrom.