### In re MORRIS.

(District Court, M. D. Pennsylvania. January 28, 1908.)

#### No. 985.

BANKRUPTCY—PREFERRED CLAIMS—RENT—COSTS.

A landlord's claim for rent of the premises where the bankrupt's goods were lodged at the time of his bankruptcy is a preferred claim, which is payable in full out of the proceeds of such goods, undiminished by anything except the costs of sale.

In Bankruptcy. On certificate from referee, sur exceptions to trustee's account.

C. A. Van Wormer, for exceptions.
J. C. Ingham, contra, for trustee.

ARCHBALD, District Judge. On a sale of the bankrupt's effects by the trustee some $880.50 was realized, out of an appraised value of $2,015.15. This was little enough; but it is now proposed, in

addition, to take it all for the costs. There seems to be no remedy against this, so far as general creditors are concerned; but the land-lord has interposed a claim for one month's rent of the premises where the goods were lodged at the time of bankruptcy, $135, which I do not see how it is possible to pass by. Rent, under such circumstances, is a preferred claim, as it has been many times decided. Longstreth v. Pennock, 20 Wall. 575, 22 L. Ed. 451; In re Hoover, 7 Am. Bankr. Rep. 330, 113 Fed. 136; Wilson v. Trustee, 8 Am. Bankr. Rep. 169, 114 Fed. 742, 52 C. C. A. 374; In re Mitchell, 8 Am. Bankr. Rep. 324, 116 Fed. 87; In re Duble, 9 Am. Bankr. Rep. 121, 117 Fed. 794; In re Bishop, 18 Am. Bankr. Rep. 635, 153 Fed. 304. And it must therefore be taken care of at all hazards, undiminished by anything except the costs of making a sale of the goods. In Re Bourlier Cornice Co., 13 Am. Bankr. Rep. 585, 133 Fed. 958. Cf. In re Prince & Walter, 12 Am. Bankr. Rep. 675, 131 Fed. 546; In re Renda, 17 Am. Bankr. Rep. 521, 149 Fed. 614; In re Williams (C. C. A.) 156 Fed. 934.

The other costs must accordingly give way, and thereupon distribution will be made as follows:

| | |
|---|---:|
| Amount to be distributed.............................................. | $880 50 |
| One month's rent due landlord.................................... | 135 00 |
| | $745 50 |
| Referee's fees....................................................... | 100 00 |
| | $645 50 |

Costs of administration:

| | | |
|---|---:|---:|
| Paid appraisers at Pittston.......................... | $ 35 00 | |
| "       "       "   Towanda ........................... | 6 00 | |
| "  M. J. Buckley, constable, serving subpœnas............. | 6 40 | |
| "  A. Coplan for serving notices.......................... | 2 35 | |
| "  witnesses at sundry hearings.......................... | 31 80 | |
| Allowed to clerk at trustee's sale..................... | 5 00 | |
| Telegrams, telephone messages, postage, etc................. | 2 90 | |
| Subpœnas ........................................ | 1 25 | |
| Watchman, 23 days................................... | 46 00 | |
| Personal expenses of trustee......................... | 18 75 | |
| Rent for use of premises by trustee...................... | 225 00 | |
| Advertising sale in Pittston Gazette and posters............. | 28 25 | |
| Advertising sale in Wilkes-Barre Record................... | 7 00 | |
| Trustee's commissions................................. | 45 00 | |
| To J. C. Ingham: | | |
| Expenses ............................... $ 15 80 | | |
| Attorney's fees.......................... 134 00 | | |
| | 149 75 | |
| To Lilley & Wilson, attorneys for bankrupt................. | 35 00 | |
| | $645 50 | |

Strictly speaking, the costs of advertising and conducting the sale should appear first in this schedule; but it makes no difference in the result, and it is more convenient to arrange them as they stand.

Let the money be paid out by the trustee as so directed.

[Per contra, see In re West Side Paper Co., 159 Fed. 241.—Ed.]