## In re OXLEY et al.

(District Court, W. D. Washington, W. D. November 11, 1910.)

No. 846.

BANKRUTPCY (§ 391*)—JURISDICTION OF BANKRUPTCY COURT—INJUNCTION.

An alleged bankrupt partnership, a year prior to the filing of the petition, executed a mortgage on its stock of merchandise which contained no after-acquired property clause nor provision for substitution. A short time before the filing of the petition, the mortgagees on default by the bankrupt obtained a decree of foreclosure directing the sale thereunder of the entire stock, 75 per cent. of which consisted of goods placed therein since the mortgage was given and so mingled with the old goods as to be incapable of separation. Held, that under Bankruptcy Act July 1, 1898, c. 541, § 67f, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3450), providing that all levies, judgments, or other liens obtained through legal proceedings within four months prior to the filing of the petition shall be null and void in case of adjudication, the court of bankruptcy had jurisdiction to, and should, enjoin the sale of such stock under the decree until the question of adjudication was determined.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 391.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

In the matter of William A. Oxley and Thomas R. White, individually and copartners as Oxley & White, alleged bankrupts. On application of certain creditors for injunction. Motion granted.

William H. Pratt, for petitioning creditors.
E. M. Stenberg, for mortgagees.

DONWORTH, District Judge. This is an application for an injunction restraining Thomas N. Morris, sheriff of Pierce county, Wash., from selling or otherwise disposing of a certain stock of merchandise belonging to Oxley & White, the alleged bankrupts. A restraining order and order to show cause having heretofore issued, the sheriff and Oxley and McKennon, the mortgagees for whose benefit the sale is contemplated, have appeared in opposition to the application. They have filed nothing in the way of a denial of the allega-

tions of. the petition or in the way of affirmative allegations of fact, but urge that on the face of the petition this court is without. jurisdiction. The facts stated in the petition will therefore be accepted as true for the purpose of this hearing.

It appears from the petition that in December, 1909, the alleged bankrupts, being the owners of a stock of merchandise in Tacoma, mortgaged it to the mortgagees to secure payment of $1,700 and interest; that the mortgage contained no provisions whereby the lien thereof should attach to substitutions or accessions to the stock of merchandise or to any after-acquired property and gave no authority or power to the mortgagors, the alleged bankrupts, to sell the merchandise or any part thereof; that 75 per cent. of the merchandise which comprised the stock when the mortgage was given was sold in the usual course of trade, and other merchandise having a value exceeding $2,000 was added to the stock; that the merchandise so substituted has been so intermingled and confused with that covered by the mortgage that it is indistinguishable and incapable of identification; that, in a suit brought for the foreclosure of the mortgage, a decree was rendered by the superior court of Pierce county, state of Washington, on October 17, 1910; that by that decree the alleged bankrupts, being then insolvent, suffered and permitted the mortgagees as creditors to obtain a preference through legal proceedings (in that they permitted the decree to order the entire stock to be sold to satisfy the mortgagees' claim) and did not at least five days, or at any time, before the sale or final disposition of the property, vacate or discharge. such preference, the sheriff's sale of the property being fixed for November 2, 1910. There are other allegations in the petition which it is not necessary to detail.

The mortgagees for themselves and for the sheriff assert that, as the superior court had jurisdiction over the property in the foreclosure suit, this court cannot interfere with the execution of its decree. Several cases are cited as supporting this contention. If it be conceded that these cases are in point, it must be held that they are not in harmony with later decisions of the Supreme Court. Section 67f of the bankruptcy act (Act July. 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]) declares null and void all levies, judgments, attachments, or other liens obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy, and that the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same. In order to give effect to this provision, it must be held that this court, as the court of bankruptcy, has full jurisdiction over property which is held under such apparent lien obtained through legal proceedings. This is made absolutely clear by at least two decisions of the Supreme Court. Clarke v. Larremore, 188 U. S. 486, 23 Sup. Ct. 363, 47 L. Ed. 555, a case in which a sheriff was enjoined from paying over money in his hands in custodia legis; In re Watts, 190 U. S. 1, 23 Sup. Ct. 718, 47 L. Ed. 933, in which the court fully considers the respective rights of a receiver appointed by the District Court as a court of

bankruptcy and a receiver previously appointed by a state court. In the latter case the Supreme Court said:

"And the operation of the bankruptcy laws of the United States cannot be defeated by insolvent commercial corporations applying to be wound up under state statutes. The bankruptcy law is paramount and the jurisdiction of the federal courts in bankrutcy, when properly invoked in the administration of the affairs of insolvent persons and corporations, is essentially exclusive."

And the court further says that the general rule of comity has only a qualified application where the proceedings in the state court are su· perseded by those in bankruptcy. See, also, Collier on Bankruptcy (7th Ed.) § 23b. In note No. 121 under that section cases similar to those cited by the mortgagees are criticised. The author aptly says:

"Neither of these cases properly considers the effect of section 67f of the bankruptcy act, nullifying liens obtained by judgment, attachment, or otherwise within the four months' period. Where a lien is created by attachment, or levy within four months prior to the filing of the petition in bankruptcy, it becomes null and void on the adjudication of bankruptcy. This being the case, the jurisdiction of the state court in respect to the property subject to the lien is terminated."

It stands admitted for the purpose of this hearing that the decree of the superior court not only adjudicated a lien in favor of the mortgagees upon the property upon which the mortgage had been placed in December, 1909, but also by permission of the mortgagors, amounting to a confession of judgment, gave to the mortgagees a like lien upon at least $2,000 worth of property theretofore unincumbered.

Ordinarily the superior court would have jurisdiction to enforce the original lien of the mortgage in a suit brought before the initiation of bankruptcy proceedings, and this court should not interfere, unless it be necessary so to do in order to protect some right arising from the bankruptcy statute. It is admitted here that the goods upon which the lien was impressed by confession of judgment are so intermingled with those upon which the mortgage lien really existed that the two classes of goods cannot be distinguished. This renders it necessary that the entire sale be enjoined, as otherwise the confession of judgment made by the insolvent debtors within four months before the filing of the petition and resulting in the creation of a lien made void by the bankruptcy statute would stand unassailable. The peculiar nature of the bankruptcy proceedings is such that in no court except a court of bankruptcy can the appropriate remedy be applied. If an adjudication of bankruptcy takes place in this matter, the lien of the mortgage will be upheld here to whatever extent it is valid, and such steps will be taken as will fully recognize the respect due to the superior court and its officers with proper regard to the harmonious relations which have ever existed between the two courts. The only question now is: Shall the sheriff's sale be enjoined? On the facts stated the law compels an affirmative answer.

The injunction is granted as prayed for.