## In re HOOPERT.
### No. 6380.

District Court, M. D. Pennsylvania.
Jan. 16, 1931.

Keith & Sheely, of Gettysburg, Pa., for landlord.

Robert E. Wible, of Gettysburg, Pa., for trustee.

JOHNSON, District Judge.

This is a certificate of review of the report of the referee and of his order overruling exceptions to his report refusing to allow the landlord's claim for rent.

The sole question involved in the exceptions to the referee's report is whether the proceeds of the sale of personal property located on the premises leased by the bankrupt shall be applied to the payment of administration expenses in bankruptcy in preference to the payment of rent due and payable for the use of said premises.

"A landlord's claim for rent of the premises where the bankrupt's goods were lodged at the time of his bankruptcy is a preferred claim, which is payable in full out of the proceeds of such goods, undiminished by anything except the costs of sale." In re Morris (D. C.) 159 F. 591.

The above statement of the law is supported by the following cases: In re Hoover (D. C.) 113 F. 136; Wilson v. Penna. Trust Co. (C. C. A.) 114 F. 742; In re Duble (D. C.) 117 F. 794; In re Belknap (D. C.) 129 F. 646; In re Hayward (D. C.) 130 F. 720; In re Pittsburgh Drug Co. (D. C.) 164 F. 482; In re Bayley (D. C.) 177 F. 522; In re Kuhn Co. (C. C. A.) 225 F. 13; In re Abbruzzo (D. C.) 276 F. 404.

"As the statute allows to the landlord his rent claim, because of his right to have levied, whether he had distrained or not, the fact of actual distraint becomes unimportant." In re Delaney (D. C.) 251 F. 425, 426.

It follows that the report and order of the learned referee must be, and is hereby, reversed, and the full fund is awarded to the landlord, except the actual cost of making the sale.