## In re CENTRAL PENNSYLVANIA EQUIPMENT CO.
### No. 7570.

District Court, M. D. Pennsylvania.
April 18, 1932.

Mortimer C. Rhone, of Williamsport, Pa., for landlord.

A. R. Jackson, of Williamsport, Pa., for petitioning creditors.

JOHNSON, District Judge.

The issue presented to the court for determination in this case is raised by a petition for an injunction filed by two creditors of the above-named bankrupt company, alleging that a petition in bankruptcy had been filed by the Central Pennsylvania Equipment Company and asking that the landlord, who held a judgment for unpaid rent, and the sheriff of Lycoming county, Pa., be restrained from proceeding with a sale of the bankrupt's property, located on the premises owned by the landlord, under an execution issued out of the Court of Common Pleas of Lycoming county, Pa., on the judgment, and averring under oath that, unless the injunction issued, all creditors would suffer irreparable injury and loss. A temporary restraining order was issued on the above petition, returnable in ten days. Answer was filed by the landlord averring that on January 22, 1930, the Central Pennsylvania Equipment Company entered into a written lease with John E. D. Huffman, the landlord, demising the property in question for a period of three years beginning April 1, 1930. On January 1, 1932, the Central Pennsylvania Equipment Company was four and one-half months in arrears in rent for the premises, and the landlord entered judgment by confession, and a writ of execution was issued the same day by the court of common pleas of Lycoming county, Pa., and a levy was immediately made and the sale advertised to take place on February 6, 1932. The landlord further averred that the petition in bankruptcy was not filed until January 22, 1932, and that he had, under the laws of the state of Pennsylvania, acquired a lien for rent on the personal property located on the premises at the time the tenancy was created, and that, under section 67 of the Bankruptcy Act (11 USCA § 107), the lien was not discharged by the adjudication in bankruptcy, and, further, that the court of common pleas of Lycoming county, Pa., having acquired jurisdiction of the res prior to the filing of the petition in bankruptcy, this court is without jurisdiction to enjoin the landlord and the sheriff from proceeding with the sale, and prayed that the restraining order be dissolved and the sale permitted to be made by the sheriff.

Argument was heard on the issue raised and briefs filed by counsel for both sides.

The question to be decided is whether a landlord who has entered into a written lease more than four months prior to the filing of the petition in bankruptcy, and who has entered judgment in the state courts of Pennsylvania for default in the payment of rent under the terms of the lease, on which judgment execution has been entered and a levy made on the goods located on the demised premises, within four months prior to the filing of a petition in bankruptcy by the tenant, can be permanently enjoined by the bankruptcy court from proceeding with the sale of the goods levied upon, on a petition by unsecured creditors of the bankrupt who aver under oath that the value of the goods on the premises is far in excess of the amount of the judgment, and that, unless the injunction is granted, irreparable loss and injury will be suffered by all creditors of the bankrupt.

A review of the Bankruptcy Act and the decisions of the federal courts on this question leaves no room for doubt that a United States District Court, sitting as a court in bankruptcy, has the power to restrain a sheriff from proceeding with a sale under the facts as set forth above.

Section 2 of the Bankruptcy Act (11 USCA § 11) provides in part as follows: "That the courts of bankruptcy as hereinbefore defined, namely, the district courts of the United States in the several States, the Supreme Court of the District of Columbia, the district courts of the several Territories and possessions to which this Act is, or may hereafter be, applicable, and the United States Court in the District of Alaska, are hereby made courts of bankruptcy, and are hereby invested, within their respective territorial limits as now established, or as they may be hereafter changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, in vacation in chambers and during their respective terms, as they are now or may be hereafter held * * * (7) cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided; * * * (15) make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this title."

The foregoing sections of the Bankruptcy Act have been held to authorize the bankruptcy court to issue injunctions staying proceedings in the state courts where proper-

ty belonging to the bankrupt estate is involved. White v. Schloerb, 178 U. S. 542, 20 S. Ct. 1007, 44 L. Ed. 1183.

In the case of In re Hornstein (D. C.) 122 F. 266, on page 271, Ray, District Judge, said: "It is plain that the judge of a court of bankruptcy may lawfully grant such restraining order, operative on and binding litigants in the state court, although strangers to the bankruptcy proceedings, as may be necessary for the enforcement of the provisions of the bankrupt act. This court has no hesitation in holding that express power is given by the act of Congress to courts of bankruptcy to enjoin all persons within its jurisdiction, whether litigants in a state court or elsewhere, from doing any act that will interfere with or prevent the due administration of the bankruptcy act. If this is not true, how frail and worthless is the law. In the face of a statute conferring the power, comity does not require the courts of the United States to compel persons whose rights are seriously jeopardized by proceedings in a state court to resort thereto for protection. This restraining order was properly granted, and must be upheld, if the petitioners had the right to institute this proceeding in involuntary bankruptcy."

In the case of Matter of Miles Paint Manufacturing Co., 32 A. B. R. 793, this court held, through Witmer, District Judge, that the filing of a petition in bankruptcy is a caveat to all the world and is sufficient notice to a sheriff, if brought to his attention, to prevent the sale of the bankrupt's property, advertised to take place within a few hours after the filing of the petition in bankruptcy.

Counsel for the landlord in the case at bar attempts to distinguish this case from the great mass of cases upholding the jurisdiction of the bankruptcy court to restrain officers of state courts from proceeding with executions, on the ground that, under the Act of the Pennsylvania Assembly of June 16, 1836 (P. L. 755–784), a landlord has a preference, from the proceeds of an execution sale of goods located on the demised premises, for the amount of rent due under the terms of the lease, not to exceed one year's rent. Counsel further contends that the landlord has a lien for such rent, acquired by virtue of the tenancy created by the lease, which vests at the time the tenancy is created, and that the lien created more than four months prior to the filing of the petition in bankruptcy is not dissolved by the adjudication, and that therefore this court cannot

restrain the sale of the bankrupt's property by the sheriff.

This court is in accord with the cases which hold that in Pennsylvania a landlord is entitled to a preference out of the assets in the hands of the trustee in bankruptcy for one year's rent, undiminished by any thing except the costs of sale, and has so held in the case of In re Charles W. Hoopert, No. 6380 In Bankruptcy, Middle District of Pennsylvania, 58 F.(2d) 349. Nor does this court disagree with the decisions in the cases of In re West Side Paper Co. (C. C. A.) 162 F. 110, 15 Ann. Cas. 384, or In re Abbruzzo (D. C.) 276 F. 404, which hold that a landlord's lien is not one obtained through legal proceedings within the meaning of section 67f, of the Bankruptcy Act (11 USCA § 107 (f) and is, therefore, not one divested by the bankruptcy of the tenant.

Counsel for the landlord has not cited any cases, nor has the court found any which hold that, merely because the landlord has a preferred claim he, therefore, cannot be restrained by the bankruptcy court from proceeding with a sale, under an execution, of property on the demised premises, which is alleged to be far in excess of his claim for rent, to the loss and injury of other creditors of the bankrupt. So long as the sheriff receives the amount of his judgment and costs, it is immaterial to him whether the property is sold for a fair valuation or not, if there is sufficient property on the premises for his purpose. The Bankruptcy Act seeks to conserve all the assets of the estate and assures all creditors an opportunity to have their claims allowed in accordance with the law.

This court finds nothing in the cases cited by counsel for the landlord, in support of the proposition that the landlord has such lien on the goods from the time the tenancy is created, which requires the court to hold that this landlord cannot be restrained. As a matter of fact, in the leading case cited by counsel, In re West Side Paper Company, supra, a restraining order was issued, but, while the court recited that fact in its opinion, it did not discuss it; the court merely allowed the landlord a preferred claim upon the fund derived from the sale of the property on the premises.

The right which arises by the creation of the tenancy in Pennsylvania is a right in the nature of a lien, rather than a lien, until the goods are actually distrained under the landlord's warrant, and, while it entitles the landlord to a preference in the fund derived from the sale, the act of assembly creating

it does not supersede the bankruptcy law nor allow the landlord an opportunity to jeopardize the rights of other creditors of the bankrupt. In re West Side Paper Company, supra.

The above position is sound, and reference need not be made to the Act of the Pennsylvania Assembly of June 22, 1931 (P. L. 889 [68 PS § 322]), which provides that, in cases where a receiver or trustee in bankruptcy is appointed, any sale under a levy or distress for rent shall be stayed pending the sale of the property by the receiver or trustee, and that the claim of the landlord shall be a lien on the proceeds of the sale conducted by the receiver or trustee.

The motion to dissolve the restraining order is therefore dismissed, and the rule for a permanent injunction is made absolute.