In re KERNICK DIVIDE MINING CO.

No. 477.

District Court, D. Nevada.

April 26, 1933.

Emerson J. Wilson, of Reno, Nev., for petitioning creditors.

Walter Rowson, of Reno, Nev., for labor commissioner.

NORCROSS, District Judge.

This is a motion to set aside an order restraining the sale of the property of the bankrupt upon either of two judgments or decrees entered respectively in the Second and Fifth judicial district courts of the state of Nevada. The property of the bankrupt is located in Mineral county, and the principal office of the company was at Reno in Washoe county.

On April 15, 1931, a decree of foreclosure of a chattel mortgage was entered in the Second judicial district court in and for Washoe county in a suit by Grace V. Ward against the said mining company. The decree was for the principal sum of $3,950, with accrued interest and costs. On July 20, 1932, a judgment and decree of foreclosure of certain labor liens, in the amount of $8,865.-68, together with interest and costs, was entered in the Fifth judicial district court in and for Mineral county in a suit by William Royle, as labor commissioner of the state of Nevada, against the said mining company, and execution issued thereon.

A sheriff's sale of the mortgaged property in the Ward suit was noticed for June 8, 1932. On June 7th, upon application of the plaintiff, Royle, a restraining order was issued out of the Fifth judicial district court restraining sale under the Ward decree. On February 2, 1932, a proceeding was instituted in the state Supreme Court in the name of the state, on relation of Grace V. Ward, and an alternative writ of prohibition issued directed against the Fifth judicial district court, and requiring cause to be shown why a peremptory writ should not issue prohibiting that court from proceeding to sell the property of the defendant mining company in satisfaction of the said Royle judgment. The proceeding in the Supreme Court was dismissed without prejudice on April 6, 1932. State ex rel. Ward v. Fifth Judicial District Court, 9 P.(2d) 681.

On March 4, 1932, the said Royle as labor commissioner instituted an action in the Second judicial district court to set aside the said Ward mortgage and decree of foreclosure thereon, which action appears to be still pending.

On August 23, 1932, a creditors' petition for adjudication in bankruptcy was filed in this court, and on September 13, 1932, upon hearing of such petition, the Kernick Divide Mining Company was adjudged a bankrupt. On August 24, 1932, execution was issued in the said Royle suit, and upon such execution the sheriff of Mineral county noticed the sale of the company's property for September 24, 1932.

Following the adjudication in bankruptcy on September 13, 1932, upon affidavit of Emerson J. Wilson, counsel for creditors in the bankruptcy proceedings, and the affidavit of Grace V. Ward, secretary of the bankrupt, a restraining order was issued directed to the plaintiff, Royle, the sheriff of Mineral county, and to Wayne T. Wilson as receiver of the said mining company under appointment of the state court in the said Ward foreclosure suit, enjoining and restraining them from proceeding to sell the property of the bankrupt for the period of one year, or until the further order of the court. On September 26, 1932, a notice of motion for an order to set aside the restraining order last mentioned was filed on behalf of said William Royle as labor commissioner and as a secured creditor. The motion has been duly made and submitted. The grounds of the motion may be briefly summarized as follows: (a) That the judgment in the Royle suit was on foreclosure of mechanics' liens for labor performed between the 1st day of April, 1930, and the 10th day of April, 1931, and long prior to the inception of the four-month period immediately preceding the filing of the creditors' petition; (b) that proceedings in the Mineral county court "looking to the foreclosure of said mechanics' liens" were commenced on or about May 1, 1931, long prior to said four-month period, and judgment entered July 20, 1932, and execution thereupon issued; (c) that said mechanics' liens were not obtained by legal proceedings, but were created by statute; (d) that this court is without jurisdiction because upon the same facts the state Supreme Court dismissed the proceeding in prohibition; that the decision of the Supreme Court is res adjudicata; that the granting of such restraining order after such adverse decision in the state court creates unseemly conflict between the state and federal courts; (e) that the creditors' petition does not allege an act of bankruptcy. Other grounds are also stated which are not deemed material to a decision upon the motion.

The grounds (a) to (d), inclusive, in support of the motion, are so interrelated that they will be considered together. First it may be said that it is apparent from a reading of the said decision of the Supreme Court that the same is not a final judgment, and hence in no sense res adjudicata. The proceeding in that court was dismissed without prejudice for procedural reasons. The opinion, however, contains certain recitals and

observations which are material for consideration upon the motion under submission. The following expressions are here quoted:

"It further appears that \* \* \* on or about the 8th day of May, 1931, said Royle instituted an action \* \* \* in the Fifth judicial district court, \* \* \* not for the purpose of foreclosing said lien claims, but for the purpose of recovering judgment in the amount alleged to be due, and for a penalty and attorney's fee, but that no summons was served in said action prior to January 8, 1932. \* \* \*

"Furthermore, it appears that there was no attempt to foreclose the liens mentioned within the time prescribed by statute (section 3742, N. C. L.).

"If the state labor commissioner has a lien prior to that of Ward we fail to see how it can be affected by the threatened sale, and it certainly follows that, if the lien claimants have lost their prior claim, if they ever had one, by failure to foreclose it in due time, the injunction should be dissolved."

The judgment entered in the suit by Royle as labor commissioner is based on an amended complaint filed January 20, 1931. It was in this amended complaint that the filing of labor liens was first alleged and judgment and decree of foreclosure of such liens prayed for. It is this situation which occasions much of the controversy between the respective plaintiffs in the Ward and Royle suits concerning validity and priority of liens. The question thus presented is one which cannot be determined except upon a construction of state statutes providing for labor liens and the foreclosure thereof. The decision of the state Supreme Court referred to suggests the existence of this question, but did not decide it. Questions of this character ought, if possible, to be determined by the state courts for the reason that the federal courts are bound by the construction placed upon state statutes by the state courts, while the reverse is not the rule. A serious attack is also made against the decree in the Ward suit. The controversy between these two parties, especially respecting validity, amount, and priority of lien, ought to be determined by appropriate proceedings in the state court. There appears no reason why this may not be done.

The power of a federal court in a bankruptcy proceeding to stay the sale of the bankrupt estate upon execution from a state court subject to certain exceptions is well settled. Such power is frequently exercised in the interest of the general creditors. In re Oxley (D. C.) 182 F. 1019; In re Lines (D. C.) 133 F. 803, 13 A. B. R. 318; In re Horton (C. C. A.) 102 F. 986; In re Mercedes Import Co. (C. C. A.) 166 F. 427; Britton v. Western Iowa Co. (C. C. A.) 9 F. (2d) 488, 45 A. L. R. 711.

It is the contention on behalf of the movant Royle that the judgment upon which sale under execution was stayed was a judgment in foreclosure of mechanic's liens, and hence related back to the inception of such liens, which was prior to the filing of the creditors' petition in bankruptcy. If such a state of facts clearly appeared, then doubtless the motion to set aside the restraining order should be granted. Straton v. New, 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060; Metcalf v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122.

We have, however, in this case to consider the questions which have been raised respecting the force of the decree entered in the Fifth judicial district court in foreclosure of mechanic's liens. The decree was entered, not upon the original complaint filed on or about May 8, 1931, but upon an amended complaint filed January 20, 1932. It was in the amended complaint that reference was first made to the filing of labor liens and a decree for their foreclosure prayed for. The liens referred to were all filed during the month of April, 1932. Unless the amended complaint filed in January, 1932, can be given force and effect as of the date of filing the original complaint in May, 1931, then the question is presented whether the judgment and decree is of any force in view of the provisions of the statute referred to in the opinion of the state Supreme Court. Section 3742, N. C. L. In view of the statement appearing in that opinion that the original complaint was "not for the purpose of foreclosing said lien claims" and the further statement that "it appears that there was no attempt to foreclose the liens mentioned within the time prescribed by statute," this court may well hesitate before holding what the law of the case is respecting the said Royle decree. It can be said, however, that the questions respecting that decree have not been clearly determined by the state courts. That is clear from the decision of the Supreme Court.

The affidavit of Emerson J. Wilson filed in this proceeding October 28, 1932, among other matters avers: "Affiant further avers that the original cost value of the property of the Kernick Divide Mining Company was in excess of $50,000.00; that during the year

of 1931 and until within the last two or three months there was no market for said property but affiant avers that recently there has been a revival of mining in the district where said mine and mill are located and the market for said mine and mill has become active; and that inquiries are being made by prospective purchasers and that said mine and mill should now sell for a much greater sum than enough to pay any and all valid liens against said property and the general creditors should participate in the profits from the sale of said property; affiant admits that in April, 1932, the market value of said property was very small but avers that conditions in said mining district have so changed since that date that there is at this time a demand and market for said mill."

The contention that the petition in bankruptcy does not allege an act of bankruptcy is without merit. No motion has been made to vacate the adjudication. 11 USCA § 41, subd. (d), notes 41 to 48; Sabin v. Larkin-Green Logging Co. (D. C.) 218 F. 984.

 It is the conclusion of the court that the showing made does not justify setting aside the order restraining the sale of the bankrupt estate under either of the two decrees of foreclosure; that the same should be continued in force until the rights of the respective parties under said decrees are determined as between themselves or between themselves and the general creditors in the state courts. If for any reason the property should be sold at an earlier time in the interest of the creditors, whether lien or general, that may be accomplished through a trustee sale.

The motion to set aside the restraining order is denied.