### In re HUDZINSKI.
### No. 21804.

United States District Court
W. D. Pennsylvania.
July 28, 1949.

Harry Eisenfeld, Pittsburgh, Pa., for bankrupt.

**GOURLEY, District Judge.**

This matter arises out of a bankruptcy proceeding, and relates to the granting of a permanent injunction against execution creditors of the bankrupt.

On the 21st day of July, 1949, Matthew Stanley Hudzinski, trading as Villani Food Market, filed a petition in voluntary bankruptcy, and was adjudicated a bankrupt on said date.

Contemporaneous therewith application was made to the Court for a temporary restraining order, without notice, due to inadequacy of time, to restrain the execution creditors and the Sheriff of Allegheny County, Pennsylvania, from proceeding with the sale of the assets of the bankrupt. A temporary restraining order was issued by the Court on the 21st day of July, 1949, returnable to the 26th day of July, 1949. This was done due to the irreparable injury which would arise to the creditors of the bankrupt if the bulk of his assets were permitted to be sold.

Pending the adjudication of the granting of a permanent injunction, the Court extended the effectiveness of the temporary restraining order until July 29, 1949, at 10:00 A.M., E.D.S.T.

█ The Federal Rules of Civil Procure, rules 65(b) and 65(c), 28 U.S.C.A., which require the giving of security before the issuance of a restraining order or a preliminary injunction, do not apply to a bankruptcy proceeding. In re International Railway Co., D.C., 85 F.Supp. 331.

The problem now before the Court relates to the granting of a permanent injunction.

The execution creditors have objected to the granting of said injunction, and a full and complete hearing has been held in connection therewith.

On the 8th day of July, 1949, George Vallini and James Vallini caused judgment to be entered in the Court of Common Pleas of Allegheny County, Pennsylvania, against Matthew S. Hudzinski, in the amount of $1258, the basis for said claim being as follows:

Delinquent rent..............$ 984.00
Delinquent gas payments.....    24.00
Damages to real estate.......   100.00
Attorney's Commission.......    150.00

Total ....................$1258.00

Said judgment was confessed by virtue of a written lease for the rental of premises where the business was conducted, which lease was entered into by the execution creditors and the bankrupt. A writ of execution was issued on the basis of said judgment, and the personal property and merchandise situate on the premises was fixed for public sale by the Sheriff of Allegheny County on July 22, 1949.

It appears from the schedules of the bankrupt that the following assets are situate on the premises where the business was conducted, and upon which execution has been levied:

Stock in trade..............$1000.00
Machinery and fixtures....... 2800.00

Total ...................$3800.00

The claim of the landlord, execution creditor, is not admitted. The schedules filed certify that the correct amount due and owing is delinquent rental in the sum of $600, and delinquent gas bill in the sum of $8, or a total indebtedness of $608.

The facts, therefore, disclose that we are concerned with a situation where the bankrupt entered into a written lease more than four months prior to the filing of the petition in bankruptcy, and had judgment entered against him for default in payment of rent and failure to comply with other covenants of the written lease. Execution was issued and levy made on the goods of the bankrupt within four months prior to the filing of the petition in bankruptcy by the tenant and the adjudication in bankruptcy by the Court. The value of the goods on the premises is far in excess of the amount of the judgment.

■ There is no rule of law which permits a landlord, merely because he has a preferred claim, to proceed with an execution and cause a material part of the assets of the bankrupt to be sold to the detriment or prejudice of other preferred creditors or creditors generally.

■ If the execution had been issued on a judgment against the bankrupt so that possession was in the state court, more than four months prior to bankruptcy, it would be improper to stay the execution. Muffler v. Petticrew Real Estate Co., 6 Cir., 132 F.2d 479, certiorari denied 319

U.S. 766, 63 S.Ct. 1329, 87 L.Ed. 1715; Straton et al. v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060.

However, the judgment in the instant case and the execution were issued within thirteen days of the bankrupt's adjudication. Hence, the above principle of law would not have application.

■ Title to all of the bankrupt's property, wherever situated, vests in the bankruptcy trustee as of the date of adjudication. Irving Trust Co. et al. v. Fleming, 4 Cir., 73 F.2d 423.

■ Possession of property in the custody of a bankrupt court cannot be affected by proceedings in another court. Chicago, R. I. & P. Ry. Co. v. City of Owatonna, 8 Cir., 120 F.2d 226.

■ The granting of an injunction in a bankruptcy proceeding is a matter for the determination of the Court in the exercise of its sound discretion. Steelman v. All Continent Corp., 301 U.S. 278, 57 S.Ct. 705, 81 L.Ed. 1085.

■ A landlord should, therefore, be enjoined from proceeding with an execution on the property of the bankrupt, situate on the demised premises, where the value of said personal property is far in excess of the claim for rent, to the loss and injury of other creditors of the bankrupt. It is the purpose of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., to conserve all the assets of the estate and assure all creditors an opportunity to have their claims adjudicated and allowed in accordance with the law. In re Central Pennsylvania Equipment Co., D.C., 58 F.2d 349; In re Jacobs, D.C., 7 F.Supp. 749; Isaacs, Trustee, v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645.

The motion to dissolve the temporary restraining order is refused, and the rule for a permanent injunction made absolute.